11936051 B: 10915 P: 86 MTG
07/21/2022 09:03:00 AM Page 1 of 12
Rec Fees: $125.75   State: $0.00
Chris Pielli Recorder of Deeds, Chester County, PA

RECORDER OF DEEDS

**Prepared By:**
PennyMac Loan Services, LLC
6101 Condor Drive, Suite 200
Moorpark, CA 93021
866-549-3583

**After Recording Please Return To:**
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA 92602

Property Address:
24 Grist Mill Lane
West Grove, PA 19390

✓ UPI/PIN/Tax ID: ▉▉▉▉

——————————————[Space Above This Line For Recording Data]——————————

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉   LOAN NO.: ▉▉▉▉▉▉

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **27th** day of **May, 2022**, between **JUAN ARBOLEDA** ("Borrower"), **PennyMac Loan Services, LLC** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **June 27, 2014** and in the amount of **$340,000.00** and recorded on **June 27, 2014** in Book, Volume, or Liber No. **8951**, at Page **1054** (or as Instrument No. **11354741**), of the Official Records of **Chester, PENNSYLVANIA** and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at:
**24 Grist Mill Lane, West Grove, PA 19390**
[Property Address]

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 1 of 9

Prepared By:
PennyMac Loan Services, LLC
6101 Condor Drive, Suite 200
Moorpark, CA  93021
866-549-3583

After Recording Please Return To:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA  92602

Property Address:
24 Grist Mill Lane
West Grove, PA  19390

UPI/PIN/Tax ID: ▮

―――――――――――――――――[*Space Above This Line For Recording Data*]―――――――――――

▮    **LOAN NO.:** ▮

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **27th** day of **May, 2022**, between **JUAN ARBOLEDA** ("Borrower"), **PennyMac Loan Services, LLC** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **June 27, 2014** and in the amount of **$340,000.00** and recorded on **June 27, 2014** in Book, Volume, or Liber No. **8951**, at Page **1054** (or as Instrument No. **11354741**), of the **Official** Records of **Chester, PENNSYLVANIA** and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at:

      **24 Grist Mill Lane, West Grove, PA 19390**
        [Property Address]

**Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument**
Page 1 of 9

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **July 1, 2022**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$335,237.20**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.750%**, from **June 1, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,956.35**, beginning on the **1st** day of **July, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.750%** will remain in effect until principal and interest are paid in full. If on **June 1, 2052** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 2 of 9

        this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   a) **all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and**

   b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way

|   |   |
|---|---|
|   | obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender. |
| c) | Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. |
| d) | All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender. |
| e) | Borrower agrees that they will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided for signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If Borrower elects not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement. |
| f) | Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the |

>       Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.
>
>       Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.
>
>       By checking this box, Borrower also consents to being contacted by text messaging ☒.
>
> g)    That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

6. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing the Loan Modification Agreement, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

7. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

_____    Date: 6/27/22
Borrower    - JUAN ARBOLEDA

## ACKNOWLEDGMENT

State of  PA  §
County of  Phila  §
 §

On this  27  day of  June , 2022, before me, the undersigned officer, personally appeared **JUAN ARBOLEDA**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Traci Nickens, Notary Public
Philadelphia County
My commission expires June 16, 2023
Commission number 1120588
Member, Pennsylvania Association of Notaries

Traci Nickens
Printed Name

Notary Public
Title of Officer

(Seal)    My Commission Expires: 06. 16. 2023

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 6 of 9

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**PennyMac Loan Services, LLC**

_____ (Seal)
                                                   -Lender

        Marianne Campbell
        Assistant Vice President
By: _____

**JUL 0 1 2022**

Date of Lender's Signature

**SEE ATTACHED**

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 7 of 9

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____Ventura_____)

On __07/01/2022__ before me, __Armon Booth, Notary Public__
(insert name and title of the officer)

personally appeared __Marianne Campbell__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)



ARMON BOOTH
Notary Public - California
Ventura County
Commission # 2374565
My Comm. Expires Sep 11, 2025

# ACKNOWLEDGMENT

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of _____        §
                              §
County of _____       §

On _____ before me, _____,
Notary Public personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her authorized capacity on behalf of the corporation, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. SEE ATTACHED

_____
Notary Public

_____
Printed Name

(Seal)                        My Commission Expires: _____

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
Page 8 of 9

# CERTIFICATE OF RESIDENCE

# LOAN MODIFICATION AGREEMENT

## BETWEEN:

**JUAN ARBOLEDA** (assignor/Mortgagor/grantor)

## AND:

**PennyMac Loan Services LLC** (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within name Mortgagee is:

**PennyMac Loan Services LLC**

**6101 Condor Drive, Moorpark**

**CA 93021**

By: _____

Print Name: MARIANNE CAMPBELL

Title: ASSISTANT VICE PRESIDENT

# EXHIBIT A

**BORROWER(S): JUAN ARBOLEDA**

**LOAN NUMBER:** ▮

**LEGAL DESCRIPTION:**

**STATE OF PENNSYLVANIA, COUNTY OF CHESTER, AND DESCRIBED AS FOLLOWS:**

**SEE ATTACHED EXHIBIT A**

**UPI/PIN/Tax ID:** ▮

**ALSO KNOWN AS: 24 Grist Mill Lane, West Grove, PA 19390**

### Exhibit A (Legal Description)

THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN TRACT OR PARCEL OF LAND, SITUATE IN THE TOWNSHIP OF UPPER OXFORD, COUNTY OF CHESTER AND STATE OF PENNSYLVANIA, BOUNDED AND DESCRIBED ACCORDING TO A FINAL SUBDIVISION PLAN OF GRIST MILL FARM, MADE BY WILLIAM T. REGESTER, INC., DATED 5/1/1989, LAST REVISED 8/4/1989 AND RECORDED IN CHESTER COUNTY AS PLAN NO. 9959 AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF GRIST MILL LANE (50 FEET WIDE), SAID POINT MARKING A CORNER OF THIS LOT AND A CORNER OF LOT NO. 11 ON SAID PLAN; THENCE EXTENDING ALONG SAID SIDE OF GRIST MILL LANE THE TWO FOLLOWING COURSES AND DISTANCES: (1) ALONG THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 310 FEET, THE ARC DISTANCE OF 121.08 FEET TO A POINT OF TANGENT AND (2) NORTH 3 DEGREES 11 MINUTES 14 SECONDS WEST, 77.89 FEET TO A POINT; THENCE LEAVING THE SAID SIDE OF GRIST MILL ROAD AND EXTENDING NORTH 86 DEGREES 48 MINUTES 46 SECONDS EAST, 182 FEET TO A POINT; THENCE EXTENDING SOUTH 5 DEGREES 32 MINUTES 38 SECONDS EAST, 285.51 FEET TO A POINT, A CORNER OF LOT NO. 11, AFORESAID; THENCE EXTENDING ALONG LINE OF LOT 11, NORTH 70 DEGREES 48 MINUTES 32 SECONDS EAST, 234.77 FEET TO THE FIRST MENTIONED POINT AND PLACE OF BEGINNING.

CONTAINING 1.076 ACRES OF LAND, MORE OR LESS.

BEING LOT NO. 12 ON SAID PLAN.

BEING UPI #

BEING THE SAME PREMISES WHICH MICHAEL K. RACINE AND LINDA D. RACINE, BY DEED DATED 10/29/2004 AND RECORDED 11/18/2004 AT WEST CHESTER IN THE OFFICE FOR THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF CHESTER IN RECORD BOOK 6338 PAGE 2205 GRANTED AND CONVEYED UNTO GREGORY D. HUNSICKER AND KARA L. HUNSICKER, THEIR HEIRS AND ASSIGNS, AS TENANTS BY THE ENTIRETY, IN FEE.

ALSO BEING THE SAME PREMISES WHICH GREGORY D. HUNSICKER AND KARA L. HUNSICKER, BY DEED DATED 12/28/2013 AND RECORDED 01/02/2014 AT WEST CHESTER IN THE OFFICE FOR THE RECORDER OF DEEDS IN AND FOR THE COUNTY OF CHESTER IN RECORD BOOK 8868 PAGE 1597 GRANTED AND CONVEYED UNTO KARA L. HUNSICKER, HER HEIRS AND ASSIGNS, IN FEE.